*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A24-1946**

State of Minnesota,
Respondent,

vs.

Dapri Alexander Vande Hallom,
Appellant.

**Filed November 17, 2025
Affirmed
Schmidt, Judge**

Hennepin County District Court
File No. 27-CR-24-8889

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mary F. Moriarty, Hennepin County Attorney, N. Nate Summers, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Andrea Barts, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Harris, Presiding Judge; Connolly, Judge; and Schmidt, Judge.

**SCHMIDT**, Judge

In this direct appeal from a conviction of unlawful possession of a firearm, appellant Dapri Alexander Vande Hallom argues that the evidence was insufficient to prove beyond a reasonable doubt that he possessed a firearm.  We affirm.

## FACTS

Two police officers noticed a car speeding.  While they were following the car and checking on the registration information through the license-plate number, the driver—later identified as Hallom—stopped the car, got out, and ran away.  As the officers pursued Hallom, they saw a gun[1] with an extended magazine in Hallom's right hand.  The officers saw Hallom throw the gun over a fence into a yard.  One officer chased Hallom on foot, eventually caught up to him, and placed him under arrest.

An officer returned to the yard and found a brown gun with a black extended magazine.  After photographing the gun in the yard, an officer "cleared" the gun—i.e., removed the ammunition to allow for safe handling and evidence preservation—and found a bullet in the gun's chamber and bullets in the magazine.

Respondent State of Minnesota charged Hallom with unlawful possession of a firearm based on a prior second-degree assault conviction.  During trial, the jury heard testimony from six witnesses, including the two police officers who saw Hallom with the

---

[1] Hallom's appeal concerns whether the object he possessed constitutes a "firearm" as defined by the Minnesota Supreme Court.  Since we affirm Hallom's conviction, we use the term "gun" throughout to describe the object that Hallom possessed.

gun in his hand and the third officer who found the gun in the yard and cleared it for safe handling and evidence preservation. The jury viewed the gun, the magazine, body-worn camera footage of the pursuit and the arrest, and body-worn camera footage showing the gun as it was found in the yard. The jury also viewed photographs of the gun as it was found in the yard, including the exhibit shown below:



After the state rested, Hallom moved for judgment of acquittal, arguing that the state failed to meet its burden of proving that the gun or the magazine Hallom possessed met the definition of a firearm or ammunition. The district court denied Hallom's motion, concluding that the state presented sufficient evidence that could allow a jury to find beyond a reasonable doubt that the object Hallom possessed satisfied the caselaw definition of a "firearm."

After the defense rested, the district court instructed the jury that "'[f]irearm' means a weapon, that is, an instrument designed for attack or defense that expels a projectile by the action or force of gunpowder, combustion, or some other explosive force," and that "[a] firearm manufactured as such is a firearm even if there is some mechanical defect that renders it temporarily inoperable." The district court also informed the jury that it could request to review the physical evidence during its deliberations.

The jury found Hallom guilty. The district court convicted him and sentenced him to 60 months in prison. Hallom appeals.

## DECISION

To support a conviction of unlawful possession of a firearm or ammunition, the state must prove that the defendant (1) was ineligible to possess a firearm or ammunition on the date of the alleged offense, and (2) knowingly possessed a firearm or ammunition. Minn. Stat. § 624.713, subd. 1(2) (2024); *State v. Harris*, 895 N.W.2d 592, 601 (Minn. 2017). On appeal, Hallom challenges the sufficiency of the evidence related to whether the object he was seen possessing was a "firearm" as that statutory term has been defined in caselaw.

The Minnesota Supreme Court defined a "firearm" as "a weapon, that is, an instrument designed for attack or defense, that expels a projectile by the action or force of gunpowder, combustion, or some other explosive force." *State v. Glover*, 952 N.W.2d 190, 195 (Minn. 2020). Hallom argues that his conviction should be reversed because the state failed to present evidence to prove the "design or purpose" of the object he was seen holding or evidence to show how the object would be fired.

4

When considering a challenge to the sufficiency of the evidence, we "carefully examine the record to determine whether the facts and the legitimate inferences drawn from them would permit the jury to reasonably conclude that the defendant was guilty beyond a reasonable doubt of the offense of which he was convicted." *State v. Griffin*, 887 N.W.2d 257, 263 (Minn. 2016) (quotation omitted). "[W]e view the evidence in a light most favorable to the verdict and assume the fact-finder disbelieved any testimony conflicting with that verdict[.]" *State v. Gilleylen*, 993 N.W.2d 266, 275 (Minn. 2023) (alteration in original) (quotation omitted).

The parties disagree about whether the sufficiency challenge should be analyzed under the direct evidence or circumstantial evidence standard of review. We agree with the state that Hallom's conviction is supported by direct evidence. Direct evidence is evidence that "is based on personal knowledge or observation and that, if true, proves a fact without inference or presumption." *State v. Harris*, 895 N.W.2d 592, 599 (Minn. 2017) (quotation omitted). Direct evidence includes "testimony by a person who perceived the fact through [their] senses or physical evidence of the fact itself." *State v. Brazil*, 906 N.W.2d 274, 278 (Minn. App. 2017), *rev. denied* (Minn. Mar. 20, 2018).

Here, the evidence includes testimony from a responding officer who testified that he "could clearly see" that the object in Hallom's hand was a gun with a magazine "sticking up." Another officer testified that he recovered the gun in the yard, removed a round from the chamber, and saw more rounds of ammunition in the extended magazine. The state also introduced photographs of the gun that Hallom threw over the fence as well as the physical evidence of the gun, the magazine, and the ammunition. Viewing this evidence

5

in the light most favorable to the verdict, we conclude that the direct evidence was sufficient for the jury to find that the object in Hallom's possession was a "firearm" under the statute. *See State v. Segura*, 2 N.W.3d 142, 155 (Minn. 2024) (articulating the standard of review for challenges to the sufficiency of direct evidence).

Hallom does not dispute that he possessed the object. Instead, he contends that the state was required to present evidence that the object was "a weapon" that could "expel[] a projectile by the action or force of gunpowder, combustion, or some other explosive force." *Glover*, 952 N.W.2d at 195.

But the state introduced the gun itself into evidence and the jury had the opportunity to inspect the gun and the magazine. In addition, the jury heard from two officers who testified that the object they saw Hallom possess was a gun. The state also presented evidence that an officer recovered the gun, cleared the chamber of a round of ammunition, and observed additional rounds in the extended magazine.[2] The evidence was sufficient evidence for the jury to find Hallom guilty.

**Affirmed.**

---

[2] This evidence—the ammunition in the chamber and additional rounds in the extended magazine—would be sufficient to affirm Hallom's conviction even if we analyzed the issue under the circumstantial evidence standard of review. Given the evidence of ammunition recovered from inside the gun and the extended magazine, there is no "rational hypothesis other than guilt" for Hallom's conviction of unlawful possession of a firearm. *See State v. Westrom*, 6 N.W.3d 145, 158-59 (Minn. 2024) (articulating two-step analysis for circumstantial evidence standard of review).